UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TAKI & DA PTE LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK N.A., VINEANDFIG LLC, and TITAN BLOCK INTERNATIONAL, LTD.,<br>Defendants. | 4:23-cv-04163<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff TAKI & DA PTE LTD. ("Plaintiff"), by and through its attorneys of record, Cesar A. Juarez, and Michael F. Schwartz, as and for its complaint against Defendants CITIBANK N.A. ("Citibank"), VINEANDFIG LLC ("Vineandfig"), and TITAN BLOCK INTERNATIONAL LTD. ("Titan Block") respectfully states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §1332, as there exists a diversity of citizenship between the parties; and pursuant to 28 U.S.C., §1331, as Plaintiff's claims arise under Federal law based upon the enumerated violations of the Check Clearing for the 21st Century Act.

2. Upon information and belief, Citibank is a national banking association with its principal place of business as listed in its articles of association as its main office being in the State of South Dakota. Venue lies in this District pursuant to 28 U.S.C. section

1391(b)(1) based upon the Defendant's principal place of business being located at 5800 South Corporate Place, South Falls, South Dakota.

3. Upon information and belief, Vineandfig is a limited liability company with its principal place of business located at 1500 Crest Drive, Eugene, Oregon.

4. Upon information and belief, Titan Block is a corporation with a principal place of business located at Villa Sun, Belmont East State, West End, Tortola, British Virgin Islands.

## PARTIES

5. At all times mentioned herein, Plaintiff was and still is a corporation organized and existing pursuant to the laws of Singapore.

6. Upon information and belief, at all times material hereto, Citibank was and still is a national banking association organized and existing pursuant to the laws of South Dakota.

7. Upon information and belief, Vineandfig was and still is a limited liability company organized and existing pursuant to the laws of Oregon.

8. Upon information and belief, Titan Block was and still is a corporation organized and existing pursuant to the laws of the British Virgin Islands.

## STATEMENT OF FACTS

9. On Friday November 4, 2022, CIM Banque initiated a SWIFT electronic transfer of funds intended to transfer $976,000 from Plaintiff's bank account at CIM

Banque, Geneva, Switzerland to the account of Vitaro Energy SRL ("Vitaro"), Bukarest, Romania.

10. Unbeknownst to Plaintiff, the wire transfer information sent from Vitaro to Plaintiff had been intercepted by an internet hacker, who then altered that information so as to fraudulently induce Plaintiff to wire transfer these funds into a bank account held by defendant Vineandfig, at Citibank, under account number: 208069385.

11. Upon information and belief, CIM Banque used The Bank of New York Mellon, as an intermediary bank to complete the electronic fund transfer.

12. Upon information and belief, The Bank of New York Mellon completed the electronic fund transfer to Citibank on November 4, 2022.

13. Upon information and belief, on November 4, 2022, Citibank credited the account of Vineandfig with the wire transfer from Plaintiff in the amount of $976,000 despite the fact that the name of the account holder, Vineandfig was different from the name of the wire transfer payee, Vitaro, as listed on the SWIFT code message directing the transfer as per Plaintiff's wire transfer request. In fact, the name – Vitaro Energy SRL, the address – 224 Calea Victoriei, D5 Building, Bucharest, and the country of origin – Romania, all differed from the account holder – Vineandfig, its address - 1500 Crest Drive, Eugene, and its country of origin – Oregon, U.S.A.

14. Upon information and belief, on November 8, 2022, Vineandfig wire transferred the amount of $380,000, a portion of the stolen funds, into a bank account held

by defendant Titan Block at Customer's Bank, located in Phoenixville, Pennsylvania, under account number 3962189.

15. Upon information and belief, thereafter on November 9, 2022, Vineandfig wire transferred the amount of $500,000, another portion of the stolen funds, to defendant Titan Block, account number 3962189.

16. Upon discovery of the fraud, Plaintiff and its lender, CIM Banque and its intermediary bank, The Bank of New York Mellon, immediately contacted Citibank by multiple means, including but not limited to by SWIFT Recall notices, emails to the fraud department, and telephone calls to the department for victims of identity theft or fraud as listed on Citibank's website page which reads, "If you suspect that you've been a victim of identity theft or fraud, call 1-800-374-9700 immediately. You can also forward any suspicions e-mails to spoof@citi.com."

17. Citibank was informed repeatedly, through multiple forms of communication, that a fraud had been committed and a demand was made to halt the transfer and return the funds in question to the sending bank, CIM Banque.

18. These attempts began on November 8, 2022, and continue until this day.

19. Plaintiff also filed a complaint with the FBI's Internet Crime Complaint Center (IC3) on or about November 10, 2022.

20. Upon information and belief, Citibank did not respond to any of the above referenced requests until November 10, 2022, when it transmitted the following to CIM Banque via SWIFT: "REGARDING YOUR SWIFT 995 DATED 10-NOV-2022

REFERENCE 754748TRC509630 DATED 08-NOV-2022.WE WISH TO INFORM YOU THAT WE ARE IN RECEIPT OF YOUR INQUIRY AND ARE GIVING THIS MATTER OUR IMMEDIATE ATTENTION. WE WILL BE CONTACTING YOU SHORTLY TO ADVISE THE STATUS OF OUR INVESTIGATION. PLEASE QUOTE OUR REFERENCE CIT221110-007097 ON ALL FUTURE CORRESPONDENCE REGARDING THIS MATTER."

**AS AND FOR A FIRST CAUSE OF ACTION**

21. Upon information and belief, Citibank has adopted security procedures covering electronic fund transfers.

22. Upon information and belief, The Bank of New York Mellon duly complied with the security procedures in effect such that Citibank should have stopped payment of the fraudulent wire transfer direction received from The Bank of New York Mellon.

23. Citibank has failed to perform its duty connection therewith.

24. Pursuant to UCC § 4-A-205, if an accepted payment order was transmitted pursuant to a security procedure for the detection of error and the payment order erroneously instructed payment to a beneficiary not intended by the sender, and the sender proves that the sender or a person acting on behalf of the sender pursuant to Section 4-A-206 complied with the security procedure and that the error would have been detected if the receiving bank had also complied, the sender is not obliged to pay the order and the

receiving bank is entitled to recover from the beneficiary any amount paid to the beneficiary to the extent allowed by the law governing mistake and restitution.

25. In following its internal security procedures, Citibank should have noticed that the name of the SWIFT account transferee did not match the name of the holder of the Citibank account, its address, or country of origin, presumably into which these funds were transferred.

26. Once Citibank was on notice of this fraudulent wire transfer, Citibank should have frozen the funds before permitting the transfer into or out of the account of the fraudulent account holder, and upon the completion of its investigation, should have returned these funds to the sending Bank.

27. Per UCC §4A–207(b), a beneficiary bank may not escape liability if, before it pays the wire, it gains knowledge of the conflict by any means but nonetheless pays an individual who is not entitled to receive the funds.

28. Upon information and belief, it is Citibank's policy and procedure to limit the full availability of incoming funds for several days, particularly in the case of incoming international transfer, precisely to limit damage in cases of fraud or mistake.

29. Given the timing of various events, it is evident that some percentage of the funds remained with Citibank at the time of its actual notice of the fraud.

30. To the degree that any transfers from Plaintiff's sender's account took place after Citibank was informed of the fraudulently induced transfer, Citibank is liable for the amount transferred from its institution.

31. Through its repeated failure and/or refusal to allow the funds to be recalled, or to freeze the account in question, or to provide any sort of report, investigation, or information, as well as its failure to maintain or follow its own internal commercially reasonable security policies to prohibit the hosting of the fraudsters' account, Citibank is not only negligent, but has aided and abetted in a criminal fraud, violated State and Federal banking law, and has breached the covenant of good faith and fair dealing and its duties as a financial institution.

32. As a result of the foregoing, Plaintiff demands the return of its funds in the amount of $976,000 together with applicable interest.

**AS AND FOR A SECOND CAUSE OF ACTION**

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 32 hereof as if set forth herein at length.

34. In or about November 2022, Defendants Vineandfig and Titan Block voluntarily and intentionally devised and/or participated in a scheme to defraud Plaintiff out of its money.

35. The said Defendants did so by intercepting and manipulating the email correspondence between Plaintiff and its client Vitaro so as to direct the wire transfer of funds from Plaintiff to Vitaro into the account held by Defendant Vineandfig.

36. On November 4, 2022, the sum of $976,000 was fraudulently wire transferred into the account held by Defendant Vineandfig at Citibank under account number 208069385.

37. Thereafter, Defendant Vineandfig transferred Plaintiffs' funds totaling $880,000 into the account held by Defendant Titan Block at Customer Bank, Pennsylvania, account number 3962189.

38. The said Defendants have engaged in this unlawful conduct with the intent to defraud Plaintiff.

39. As a result of the said Defendants' fraudulent conduct, Plaintiff demands judgment against Defendants Vineandfig and Titan Block in the amount of $976,000.

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 hereof as if set forth herein at length.

41. Upon information and belief, the Defendant Titan Block benefited from the receipt of Plaintiff's funds from Defendant Vineandfig. Defendant Titan Block has been unjustly enriched from said funds at the Plaintiff's expense.

42. Equity and good conscience require restitution of said funds to the Plaintiff.

43. As a result of the said Defendant's conduct, Plaintiff demands judgment against Defendants Titan Block in the amount of $880,000.

**WHEREFORE**, Plaintiff, TAKI & DA PTE LTD, respectfully requests that this Court enter Judgement in its favor, and against the Defendants herein as follows:

1. As against Defendant Citibank N.A. on the Plaintiff's First Cause of Action in the amount of $976,000 plus all applicable interest accruing thereon from November 4, 2022 to the date of a judgment by this Court;

2. As against Defendants Vineandfig LLC and Titan Block International LTD., joint and severally, on the Plaintiff's Second Cause of Action in the amount of $976,000 plus all applicable interest accruing thereon from November 4, 2022 to the date of judgment by this Court;

3. As against Defendant Titan Block International LTD on Plaintiff's Third Cause of Action in the amount of $880,000 plus all applicable interest accruing thereon from November 4, 2022 to the date of judgment by this Court;

4. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff; and

5. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

Dated January 10, 2024.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

*/s/ Cesar A. Juarez*
Cesar A. Juarez
110 N. Minnesota Ave., Ste. 400
Sioux Falls, SD 57104
Office: (605) 332-5999
Direct: (605) 275-5927
Email: cjuarez@lynnjackson.com

and

Michael F. Schwartz (7711) (*PHV)*
Michael F. Schwartz Law
40 Fulton Street, 14th Floor
New York, NY 10038
Office: (212) 964-1500
Email: mfs@michaelfschwartzlaw.com